# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES DANIEL PINEDA, JR.,　　　No. CIV S-09-1723-GEB-CMK

　　　Plaintiff,

　　vs.　　　　　　　　　　　　FINDINGS AND RECOMMENDATIONS

UNITED STATES POSTAL
SERVICE, et al.,

　　　Defendants.

_____/

　　　Plaintiff, who is proceeding pro se, brings this civil action for damages. Pending before the court is defendants' motion to dismiss (Doc. 14). A hearing was held on February 18, 2010, at 10:00 a.m., before the undersigned in Redding, California. Plaintiff appeared pro se. Todd A. Pickles, Esq., appeared for defendants.

/ / /
/ / /
/ / /
/ / /
/ / /

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges in his one-page complaint that, on March 30, 2006, defendant Overland "willfully . . . & maliciously" caused a lawn edger to throw "debris of gravel and bloom" to strike his car. According to plaintiff, defendant Overland improperly and contrary to its intended use operated the lawn edger in an area of the Churn Creek main post office containing only gravel. Plaintiff claims that the impact of debris and gravel on his car caused a startled reflex and aggravated apparently pre-existing post-traumatic stress disorder. Plaintiff also claims property damage to his car in the amount of $1,500. Plaintiff appears to sue defendant U.S. Postal Service under a theory of respondeat superior. It also appears that plaintiff is alleging that defendant Overland acted intentionally, outside the scope of his employment, and in furtherance of a conspiracy to injure plaintiff.

## II. DISCUSSION

Defendants argue that: (1) the action is barred as against defendant U.S. Postal Service under the doctrine of sovereign immunity; and (2) the courts lacks subject matter jurisdiction to hear any part of the case because plaintiff failed to file the action within six months after denial of his Federal Tort Claims Act ("FTCA") claim.

### A. Sovereign Immunity

As against defendant U.S. Postal Service, defendants correctly note that the United States is the only proper defendant in an action under the FTCA. See Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995). Because only the United States waives its sovereign immunity under the FTCA, federal agencies cannot be sued as separate defendants. See FDIC v. Meyer, 510 U.S. 471 (1994); see also Pink v. Modoc Indian Health Project, Inc., 157 F.3d 1185, 1188 (9th Cir. 1998); Kennedy v. U.S. Postal Service, 145 F.3d 1077, 1078 (9th Cir. 1998).

/ / /

/ / /

**B.     Timeliness**

As to all of plaintiff's claims, defendants argue that the action is time-barred because plaintiff did not file suit within six months of the date of denial of his administrative claim. Defendants are correct that the court lacks jurisdiction to consider late-filed FTCA actions. See 28 U.S.C. § 2401(b); see also Dyniewicz v. United States, 742 F.2d 484, 485 (9th Cir. 1984). The six-month time period is jurisdictional and not subject to tolling. See Marley v. United States, 567 F.3d 1030, 1036-37 (9th Cir. 2009).

Attached to plaintiff's complaint is a copy of a letter denying his FTCA claim. That letter is dated December 19, 2008, and clearly informed plaintiff of the six-month time period specified in § 2401(b) for filing suit. The six-month period for filing suit ended on June 17, 2009. Plaintiff's action was filed on June 22, 2009 – six days late. Plaintiff does not address timeliness in his opposition.

At the hearing, plaintiff argued that, if the six-month clock begins to run with the mailing of an adverse administrative decision, the mailing of his complaint to the court for filing should suffice to stop the clock. Plaintiff is not correct. The plain language of § 2401(b) provides that the limitations period is triggered not by certified mailing, but that only the filing of a complaint within six months meets the jurisdictional requirement. Because filing of pleadings is accomplished once the document is file-stamped by the Clerk of the Court and not upon mailing, plaintiff's argument is unpersuasive.

Plaintiff also argued at the hearing that, while the complaint may have been file-stamped after expiration of the six-month window, his action should nonetheless be considered timely because he began taking steps to accomplish filing of his complaint as early as June 19, 2009. Again, as discussed above, this argument is unavailing because filing within the six-month time window is required to confer jurisdiction, not preparations for filing. Further, even if the court could give plaintiff the benefit of the earlier June 19, 2009, date for filing the complaint, such date is still two days past the June 17th deadline.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that defendants' motion to dismiss (Doc. 14) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 25, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE